## Commonwealth ex rel. Fox, Appellant, *v.* Maroney.

Submitted October 5, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*George E. Fox,* appellant, in propria persona.

*Louis Abromson,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1965:

George Fox appeals from the denial, without a hearing, of his petition for a writ of habeas corpus. Fox stands convicted upon a jury's verdict of murder in the first degree and is serving a sentence of life imprisonment. At trial in 1960, appellant-petitioner was

represented by retained counsel and petitioner did not testify in his own behalf.[1]  No motion for a new trial or in arrest of judgment was filed and there was no direct appeal from the judgment of sentence.  On the present appeal, our conclusion is that the petition was correctly denied.

The first issue raised by the petition for habeas corpus relates to the failure to accord petitioner a preliminary hearing *immediately* after his arrest.  Petitioner learned that the Pittsburgh police wanted to see him and he voluntarily surrendered himself to their custody at 10:00 p.m., July 4, 1959.  He made a confession at or about 11:00 a.m. of the next day.  According to petitioner's allegations, he did not receive a preliminary hearing until July 8, 1959.[2]

We are asked to declare the conviction unconstitutional because of the time which intervened between petitioner's surrender and the hearing.  If we are to read the petition as alleging that petitioner's confession, given 13 hours after surrender and detention, was involuntary because of this delay, that issue is dis-

---

[1] The trial record clearly supports the following summary of the crime.  Fox was in an automobile with two companions and the deceased, one Konkiel, on July 4, 1959.  He attempted to forcibly take the wallet of the deceased, but Konkiel forced his way out of the automobile and started to run.  Fox also left the automobile, ran after the deceased, and drew a hunting knife which he had concealed on his person.  Fox overtook the victim in an alley and plunged the knife into his abdomen.  The victim was left lying on the street and Fox threw the knife away and went back to the automobile.  He drove around the block, returning to the victim and, after ascertaining that he was dead or dying, robbed the corpse.

[2] At another point in the petition it is alleged that the hearing was not held until July 10, 1959.

The court below observed that the coroner's inquest, the preliminary hearing's substitute which is normally accorded in homicide cases in Allegheny County, was held August 4, 1959.  At this inquest, petitioner was represented by counsel.

posed of by our discussion later in this opinion. And aside from any such reading, we can find no allegation of circumstances requiring us to hold there was a denial of any fundamental right. It has been held that, although regrettable and to be discouraged, the absence of an immediate preliminary hearing,[3] per se, constitutes no violation of petitioner's constitutional rights. *Commonwealth ex rel. Butler v. Banmiller*, 398 Pa. 442, 159 A. 2d 212 (1960), affirming 9 Chester Co. Rep. 161, 20 Pa. D. & C. 2d 267 (1959). And this Court has held that a four day delay between arrest and hearing does not amount to a denial of due process. *Commonwealth v. Agoston*, 364 Pa. 464, 479, 72 A. 2d 575, 583, cert. denied, 340 U.S. 844, 71 S. Ct. 9 (1950).

Petitioner further complains that he was without counsel at the preliminary hearing accorded him.[4] We have held in a growing list of cases that, "in the absence of unusual circumstances which transform the proceeding into a critical stage, lack of counsel at preliminary hearing in this Commonwealth does not constitute a deprivation of due process." *Commonwealth*

---

[3] There is no exact time limit prescribed by statute within which a preliminary hearing must be held. *Commonwealth ex rel. Light v. Maroney*, 413 Pa. 254, 196 A. 2d 659 (1964). However, our new Rules of Criminal Procedure, which became effective January 1, 1965, provide that an arrested defendant shall be taken "without unnecessary delay" before the proper issuing authority for a *preliminary arraignment*. Pa. R. Crim. P. 116(a). At the *preliminary arraignment*, the defendant is to be informed of his right to a *preliminary hearing*. Pa. R. Crim. P. 116(b)(2). A date for the preliminary hearing is to be fixed and the date, unless extended for cause shown, is to be no less than three days nor more than ten days after the preliminary arraignment. Pa. R. Crim. P. 116-(g)(1). Provision is made for some leeway. Pa. R. Crim. P. 116-(g)(1). These new rules were not effective at the time of petitioner's preliminary hearing and thus have no effect on the instant case.

[4] As we have noted, counsel was present at the coroner's inquest.

*ex rel. Butler v. Rundle,* 416 Pa. 321, 324-25, 206 A. 2d 283, 285 (1965). No circumstances are alleged or appear in the instant case to cause us to depart from the general principle.

Thirdly, petitioner complains that his counsel and the trial judge did not investigate his educational, military and social background for the purpose of revealing these factors to the jury. We need not discuss this issue at any length because these matters seem relevant only to the determination of penalty and not to the determination of guilt or innocence. In view of the minimum sentence fixed by the jury, no fundamental error could have resulted, even assuming both the truth of the allegations and the basic nature of such a claim. In fact, the record reveals that defendant and his retained counsel had more than adequate time to prepare and that defense counsel conducted the trial in a competent manner.

By his petition for a writ of habeas corpus, petitioner also urges, for the first time, that his confession introduced at trial was coerced. At trial, no objection was made to the admission of the confession into evidence. Neither was there a motion or request of any kind made which served to alert the trial judge to an issue of voluntariness before the case was submitted to the jury. Nor was evidence offered at trial by petitioner, or argument made, which suggested to the court that the voluntariness of the confession was being challenged. The defense simply did not dispute the voluntariness of the confession, thus exhibiting a preference not to make that issue an element of defense.

Petitioner was represented by counsel experienced in the trial of homicide cases who well knew that Pennsylvania procedure requires a timely objection to the admission of a confession, or at least a motion to strike, if it were being urged that the confession is inadmissible. This procedure, or one which approximates its function of apprising the trial court that the matter

is in contention, is vital to the orderly administration of a criminal trial and clearly serves a legitimate state interest. Cf. *Henry v. Mississippi,* 379 U.S. 443, 447-48, 85 S. Ct. 564, 567 (1965). No action taken by defendant's counsel in the trial of the case served to effectuate the purpose of this rule.

Having made a choice not to attack the voluntariness of the confession at trial, the defendant may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored. This the defendant seeks to do so that he may now have the second privilege of interposing a delayed and untimely objection in the hope of achieving a more favorable result. To permit a litigant to knowingly disregard the procedural requirement of timely objection would indeed disrupt the orderly and expeditious adjudication of penal accusations and would defeat the legitimate state interest. Cf. *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965) (post-trial waiver).

*Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964), does not affect this petitioner's case. In that case the trial court was well aware that the voluntariness of the confession was in question. 378 at 374, 84 S. Ct. at 1779. Had the issue been called to the trial court's attention in this case, or had objection been made, or recognizable evidence of involuntariness been offered sufficient to alert the trial court to such a contest, we would remand for an evidentiary hearing on the question of voluntariness, as required by *Jackson.* We have followed this procedure in a number of appropriate cases, all of which were cases where the issue of voluntariness was raised at trial.[5] On the

---

[5] See *Commonwealth ex rel. Linde v. Maroney,* 416 Pa. 331, 206 A. 2d 288 (1965) (general objection to admission of statements) ; *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206

other hand, we have refused to consider the question where it was first proposed in a habeas corpus proceeding, holding that "Jackson controls only where the question of the voluntariness of incriminating statements used in evidence is controverted and put in issue at trial." *Commonwealth ex rel. Storch v. Maroney*, 416 Pa. 55, 59, 204 A. 2d 263, 265 (1964). See *Commonwealth ex rel. Mitchell v. Rundle*, 416 Pa. 296, 300 n.4, 204 A. 2d 923, 925 n.4 (1965); cf. *United States ex rel. Reid v. Richmond*, 295 F. 2d 83 (2d Cir.), cert. denied, 368 U.S. 948, 82 S. Ct. 390 (1961) (express refusal to object to admission of confessions). *Jackson* held the prior practice of submitting the issue of voluntariness to the jury without a prior independent determination of voluntariness to be an improper and unreliable procedure for determining the question of coerciveness. Since the instant case is one in which the petitioner was not aggrieved by the prior invalid procedure, *Jackson* is inapposite in deciding this case.

Accordingly, we hold that, not having objected to the admissibility of the confession on grounds of involuntariness, and not having otherwise called the trial court's attention to an issue of involuntariness,[6] the defendant is deemed to have waived the question and we will not disregard that action and pass upon recently asserted allegations of coerciveness in a habeas corpus proceeding.

The court below did not err in refusing the petition without a hearing. The order is, therefore, affirmed.

---

A. 2d 283 (1965) (trial transcript replete with attempts to establish coerciveness); *Commonwealth ex rel. Isenberg v. Maroney*, 416 Pa. 430, 206 A. 2d 379 (1965) (issue raised and argued to jury); *Commonwealth ex rel. Gaito v. Maroney*, 416 Pa. 199, 204 A. 2d 758 (1964) (specific objection to admissibility at trial).

[6] See *Jackson v. Denno*, 378 U.S. 368, 374, 84 S. Ct. 1774, 1779 (1964); *Blackburn v. Alabama*, 361 U.S. 199, 210, 80 S. Ct. 274, 282 (1960); *Brown v. Mississippi*, 297 U.S. 278, 286-87, 56 S. Ct. 461, 465 (1936).

DISSENTING OPINION BY MR. JUSTICE COHEN:

Although the majority does not mention it, it seems to me that the petitioner is, in part, complaining of the failure of the police to advise him of his right to counsel, after he surrendered himself to them for questioning and before his confession. The lower court stated: "The Relator does not expressly complain that he did not have counsel immediately after his arrest and prior to his confession, but in the interest of thoroughness of consideration this issue should be discussed. The Sixth Amendment to the Constitution of the United States does not require that a person suspected of having committed a crime be afforded counsel immediately after his arrest or before being questioned by the police: Commonwealth v. Negri, 414 Pa. 21 at 27, 198 A. 2d 595. (1964) and cases cited therein."

*Commonwealth v. Negri,* supra, was decided without benefit of *Escobedo v. Illinois,* 378 U.S. 478 (1964), where it was held that when the law enforcement process shifts from investigatory to accusatory and its purpose is to elicit a confession then the right to counsel arises. Petitioner makes allegations which, if true, would make the time when he confessed an accusatory stage. His confession was admitted in evidence at his trial so that there is no doubt about the confession stage being a "critical" one in the proceedings against petitioner. While this Court has held that *Escobedo* is limited to its precise facts and, therefore, no counsel need be afforded when none is requested, *Commonwealth ex rel. Linde v. Maroney,* 416 Pa. 331, 206 A. 2d 288 (1965), I cannot agree with such a limitation on the right to counsel and such a narrow view of *Escobedo.*[1] Indeed, in *Commonwealth v. Coyle,* 415 Pa.

---

[1] The dissenters in *Escobedo* said: "[I]t would be naive to think that the new constitutional right announced will depend upon whether the accused has retained his own counsel . . . or has

379, at 403, 203 A. 2d 782, 794 (1964), we said: "During the course of ... questioning, the record is convincing that the appellant did not ask for the assistance of counsel. We note that this, in itself, is not controlling since if such assistance were constitutionally required, the right thereto would not depend on a request: Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884 (1962)." See *People v. Dorado,* 40 Cal. Rptr. 264, 394 P. 2d 952 (1964).

For this reason I would reverse the lower court's denial of a hearing on the petition for habeas corpus.

asked to consult with counsel in the course of interrogation. Cf. Carnley v. Cochran, 369 U.S. 506. At the very least the Court holds that once the accused becomes a suspect and, presumably is arrested, any admission made to the police thereafter is inadmissible in evidence unless the accused has waived his right to counsel."