## Commonwealth ex rel. Cuevas, Appellant, v. Rundle.

Submitted April 22, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jose Cuevas,* appellant, in propria persona.

*Gordon Gelfond* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

374

Opinion by Mr. Justice Eagen, June 30, 1965:

The appellant, Jose Cuevas, plead guilty generally to an indictment charging him with murder. He was represented by court-appointed counsel. After hearing, the trial judge found him guilty of murder in the second degree and imposed a sentence of imprisonment in a state correctional institution for a period of from seven to eighteen years. No post trial motions were filed, nor an appeal entered from the judgment.

Subsequently, this action in habeas corpus was instituted which the lower court dismissed without hearing. An appeal from that order is now before us.

An examination of the trial record discloses that the appellant, Cuevas, and others were shooting dice with one Raphael Carrasquillo in the basement of the latter's home. Carrasquillo won a sum of money from Cuevas, and the latter insisted upon getting it back. An argument ensued, during which Cuevas pulled a gun (a .32 calibre revolver) and shot one bullet into Carrasquillo's head, causing injury which resulted in almost instantaneous death.

Cuevas fled the scene, but was taken into police custody shortly thereafter. He immediately volunteered to the arresting officers that he had done the shooting and showed them where he had thrown the gun while in flight. He was then taken to police headquarters, where he immediately gave a statement detailing his version of the event. This was reduced to writing, signed by him, and introduced in evidence at trial.

Cuevas now maintains that his confinement is illegal because his conviction and finding of guilt were based on the written statement which was obtained in violation of his constitutional rights, citing *Escobedo v. Illinois*, 378 U.S. 478 (1964). It was admitted at trial by the investigating police witnesses that, during the interrogation period, Cuevas was not warned of his

right to remain silent nor advised that he could then have the assistance of counsel.

The statement in question was admitted in evidence without objection, and no effort was made to exclude it on constitutional grounds, although Cuevas' counsel was fully aware, as his questioning disclosed, that the accused had not been warned of his constitutional rights before the confession was obtained. Under the circumstances, *Escobedo* is not determinative. The trial tactics, knowingly pursued by his counsel, are binding upon the appellant and constitute a waiver of the right to question the admissibility of the confession in a habeas corpus proceeding. See, *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965), and *Henry v. Mississippi,* 379 U.S. 443, 85 S. Ct. 564 (1965).

Moreover, a reading of the written statement involved readily discloses that the conviction and finding as to the degree of guilt were not based thereon. Therein, Cuevas stated that, during the argument which preceded the killing, Carrasquillo threatened to kill him, came after him with a knife, and that he shot in self-defense without intending to kill. The adjudication conclusively manifests that the trial judge did not believe this story, but rather found that the testimony of other eyewitnesses, which materially belied Cuevas' statement, depicted the true history of the occurrence.

Order affirmed.*

Mr. Justice ROBERTS concurs in the result.

---

* In view of the fact that the writ was properly refused as herein set forth, we have found it unnecessary to consider or discuss the retroactive application of the rule in *Escobedo v. Illinois,* 378 U.S. 478 (1964).