Commonwealth ex rel. Souder, Appellant, *v.*
Myers.

Submitted April 25, 1966. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Kenneth Souder,* appellant, in propria persona.

*Richard M. Goldberg,* Assistant District Attorney, *Robert J. Hourigan,* First Assistant District Attorney, and *Thomas E. Mack,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 24, 1966:

Appellant, Kenneth Souder, appeals from the denial, without hearing, of his petition for writ of habeas corpus. Souder was indicted for the murder of George Allabaugh, and counsel was appointed by the court to represent him. While represented by counsel, appellant entered a plea of guilty before a court en banc on November 13, 1962, and, after testimony was taken to determine the degree of guilt, the court, in an opinion and order dated April 30, 1963, found Souder guilty of murder in the first degree and imposed a sentence of life imprisonment. No appeal was taken from the judgment of sentence.

Appellant, in his habeas corpus petition, raises two issues on which he seeks to attack his conviction. He first avers that he was subjected to repeated questioning without the guiding hand of counsel; and secondly, that he was held five days incommunicado without the benefit of counsel. Relying on *Escobedo v. Illinois,* 378 U.S. 478 (1964), appellant asserts that he request-

ed and was denied the right to confer with counsel during interrogation, prior to his confession.

We held, in *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965), that the ruling in *Escobedo,* supra, should not be applied retrospectively to convictions finally sustained prior to the announcement of that rule on June 22, 1964. "By final, we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision. . . .". *Linkletter v. Walker,* 381 U.S. 618 (1965).

An examination of the record has failed to disclose any challenges to the voluntariness of the confession involved, either with regard to absence of counsel at any stage of the proceedings or upon any contentions that the confession was coerced, but, rather, that it was admitted into evidence without objection. Appellant was taken into custody by Pennsylvania police officers on April 30, 1962, in Georgia. Prior to the trip to Pennsylvania, he appeared before a Georgia county court and waived extradition proceedings. While en route to Pennsylvania, appellant made a voluntary oral confession to the officers, who stopped in Fredericksburg, Virginia, where the confession was recorded on tape. Upon arrival at the State Police Barracks, Wyoming, Luzerne County, Pennsylvania, on May 1, 1962, the statement was transcribed, and after appellant checked it over and made minor corrections, he signed each page. We agree with the court below that it was significant that appellant did not attempt to correct or change the assertion that the statement was made voluntarily and of his own free will. The record also discloses that at the time of his apprehension in Georgia, appellant was stationed at Ft. Gordon with the military service, and that the military had been contacted and appellant had been taken into military

custody. The record clearly reveals that appellant was advised of his constitutional rights by both the provost marshal of Ft. Gordon, Georgia, and the Richmond County Court in Georgia, prior to the appellant's being turned over to the custody of the Pennsylvania officers. Under these circumstances, the only reasonable conclusion we can reach is that appellant's confession was voluntary. Furthermore, "Having made a choice not to attack the voluntariness of the confession at trial, the defendant may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored." *Com. ex rel. Fox v. Maroney*, 417 Pa. 308, 313, 207 A. 2d 810 (1965). See also *Com. ex rel. Cuevas v. Rundle*, 418 Pa. 373, 211 A. 2d 485 (1965), and *Com. ex rel. Adderley v. Myers*, 418 Pa. 366, 211 A. 2d 481 (1965).

As to appellant's second contention, the delay between arrest and hearing has been determined not to be a denial of due process. *Com. ex rel. Fox v. Maroney*, supra. It should be noted that the circumstances in this particular case as to the reason for the delay involves the time consumed for transporting appellant from Georgia to Pennsylvania, delays occasioned by waiver of extradition, and the voluntary confession. Therefore, we must conclude that the delay of 2 days, not 5, as appellant contends (he was taken into custody on April 30 and a preliminary hearing was held on May 1), under the instant circumstances, was not unreasonable and did not, per se, constitute a violation of appellant's constitutional rights.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.