## Commonwealth ex rel. Saddler, Appellant, *v.* Maroney.

Submitted May 23, 1966. Before Bell, C. J., Musmanno, Jones, Eagen, O'Brien and Roberts, JJ.

*Andrew Lee Saddler*, appellant, in propria persona.

*Clarence C. Morrison*, Assistant District Attorney, and *LeRoy S. Zimmerman*, District Attorney, for appellee.

Opinion by Mr. Justice O'Brien, June 24, 1966:

Appellant, Andrew Lee Saddler, appeals from the denial of his petition for writ of habeas corpus. Appellant, while represented by counsel retained by his

foster mother, pleaded guilty to the charge of murder and was adjudged guilty of murder in the first degree and sentenced, on March 15, 1957, to a term of life imprisonment. No appeal was taken from the judgment of sentence.

Appellant, in his habeas corpus petition, raises 3 points on which he seeks to attack his conviction. He first avers that although the police, during their investigation and before they received any statement, advised him that he had a right to consult an attorney, they did not specifically advise him that the court would appoint counsel if he could not afford to retain private counsel, and he was not aware he had such a right. Secondly, appellant contends that neither the court nor his counsel advised him that he had a right to trial by jury, and, as he was not aware of such a right, he could not have effectively waived it. He further contends that no counsel advised him in the taking of an appeal, and he did not know of his right to appeal after his plea of guilty.

We held in *Commonwealth v. Negri*, 419 Pa. 117, 213 A. 2d 670 (1965), that the rule in *Escobedo v. Illinois*, 378 U.S. 478 (1964), should not be applied retrospectively to convictions finally sustained prior to announcement of that rule on June 22, 1964.* That should be controlling on appellant's first contention that the police failed to advise him that he had a right to court-appointed counsel if he was not able to afford it. It should be noted, however, that although the police did not specifically advise him of this right, the statements given by him were entirely voluntary, and each contained the following paragraph: "I, Andrew Lee Saddler, age 21, living at 1531 N. 6th St., Harrisburg, Pa., being advised that I need not make any statement about any crime with which I may be charged

---

* See also *Johnson v. New Jersey*, 384 U.S. 719 (decided June 20, 1966).

unless I desire to do so, do hereby make this following voluntary statement of my own free will, and I have read or had read to me my statement before signing my name hereto. I have also been advised that I have the right to consult an attorney before I make this statement."

The examination of the record has failed to disclose any challenges to the voluntariness of the confession involved, but rather, that it was entirely voluntary, and at the time it was presented in court, appellant was represented by private counsel to conduct his defense. Furthermore, "Having made a choice not to attack the voluntariness of the confession at trial, the defendant may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored." *Com. ex rel. Fox v. Maroney,* 417 Pa. 308, 313, 207 A. 2d 810 (1965); *Com. ex rel. Souder v. Myers,* 421 Pa. 371, 219 A. 2d 696 (1966).

As to appellant's second contention concerning his right to trial by jury, we said in *Com. ex rel. Dandy v. Banmiller,* 397 Pa. 312, 314, 155 A. 2d 197 (1959): "The Penal Code of 1939[1] (footnote omitted) provides, inter alia: 'The jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, ascertain in their verdict whether the person is guilty of murder of the first or second degree. If such person [a person indicted for murder] is convicted by confession, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and to give sentence accordingly'. When the appellant entered a voluntary plea of guilty his action constituted a *confession* of guilt made in a formal manner and, when accepted and entered by the court, it was the equivalent of a conviction by a jury verdict: Com. v. Simmons, 361 Pa. 391, 65 A. 2d 353, cert. den. 338 U.S. 862, reh. den. 338 U.S. 888. 'In view of ap-

pellant's plea of guilty, . . . no further duty confronted the court except to determine the degree of guilt and to fix the penalty. When a defendant pleads guilty to a charge of murder, he submits his fate to the court to which his plea is addressed. He is then entitled to have the court proceed in the prescribed form and with proper regard to the rules of law and evidence to elicit facts for the scales of justice in which his guilt is weighted.': Commonwealth v. Polens, 327 Pa. 554, 557, 194 A. 652. In Commonwealth v. Samuel Jones, 355 Pa. 522, 525, 50 A. 2d 317, this Court stated: 'The defendant's plea of guilty was, of course, to the charge of murder generally and did not carry with it a plea of guilty of first degree murder: Commonwealth v. Iacobino, 319 Pa. 65, 67-68, 178 A. 823'[2] [footnote omitted] and it was the burden of the Commonwealth, if it desired to raise the degree, to prove facts which supplied the essential elements of the higher degree. When the appellant entered his plea of guilty, under the statute, supra, he became 'convicted' of murder and it then became the duty of the court[3] [footnote omitted], not a jury, to fix the degree of murder and determine the appropriate sentence. Such a statutory provision in nowise violates either the United States or the Pennsylvania Constitutions." (Emphasis in original)

In the same vein, appellant argues that he was never advised that he had a right to a jury trial, contending that neither his counsel nor the Court ever advised him of such a right. The trial record indicates the following: "The Court: Have you been fully advised by your counsel concerning the consequences of this Plea? The Defendant: Yes, I have." While this testimony does not clearly indicate that appellant's counsel advised him of his right to stand trial by jury, the statement that he was fully advised tends strongly in that direction. Moreover, and more specifically, the

plea signed by appellant reads: "With the consent of the Court, District Attorney and my Counsel hereby waive a jury trial." In the light of appellant's signature following this statement, little credence can be given to his belated plea of ignorance of his right.

As to appellant's third point concerning the taking of an appeal, we must first note that appellant was at all times represented by private counsel, retained by his foster mother. It must be noted that the record is devoid of any evidence that appellant wished to take an appeal or requested his attorney, at that time, to do so. As his counsel did not, after trial, appeal, the only conclusion we can reach is that he was of the opinion that there were no grounds for doing so. That the appellant, having been convicted of murder, had an absolute right of appeal to this court is unquestioned. Act of February 15, 1870, P. L. 15, §1, 19 P.S. §1186. Appellant's failure to perfect such an appeal, however, within the time prescribed by law must necessarily preclude an assertion of this right at the present time, ". . . unless the failure to do so resulted from an unconstitutional deprivation of the assistance of counsel." *Com. ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966). We find no such deprivation in this case.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.