Commonwealth ex rel. Loveday, Appellant, *v.*
Myers.

Submitted May 23, 1966. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Billy Joe Loveday,* appellant, in propria persona.

*Herbert S. Cohen,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, September 27, 1966:

This is an appeal from an order of the Court of Common Pleas of Dauphin County refusing to issue a writ of habeas corpus.

A brief recital of the factual background surrounding the homicide as the result of which Billy Joe Loveday was found guilty of murder in the first degree and sentenced to life imprisonment is necessary. In the early morning of July 16, 1953, Loveday, with two confederates, Mahaffey and Smith, planned to rob a motel near Harrisburg; the trio went to the motel; Mahaffey remained outside at the wheel of an automobile; under the pretext of renting a motel unit, Loveday and Smith entered the motel and lured the aged father (David Fawber), of the motel owner to the motel room they professedly were to occupy; after they had entered the room, Smith pulled out a gun stating this was a "stick-up"; Fawber grappled with Loveday who was also armed; Smith, with his gun, hit Fawber three times on the head, the gun was discharged and Fawber was killed. The trio, by automobile, then fled to Cleveland where they were apprehended and returned to Harrisburg several days later. Loveday, Smith and Mahaffey were indicted on the charge of murder. Smith was found guilty by a jury of murder in the first degree and the penalty was fixed at life imprisonment. Thereafter, Loveday, then represented by counsel, changed his plea from not guilty to guilty[1] and a three judge court, after a hearing on December 24, 1953, found Loveday guilty of first degree murder and fixed the penalty as life imprisonment.

On July 15, 1965, Loveday petitioned the Court of Common Pleas of Dauphin County for the issuance of

---

[1] Mahaffey did likewise.

a writ of habeas corpus which was denied without hearing.

Loveday claims he was not accorded due process of law and that his constitutional rights were violated. Specifically, Loveday alleges: (a) that, for a two day period, he was held incommunicado and mistreated;[2] (b) that he was not given a preliminary hearing until two days after his arrest; (c) that his "confession" was "dictated" by a state police officer in the absence of counsel and at a time when he had not been advised of his right to counsel or of his right to remain silent; (d) that the plea of guilty was not intelligently nor understandingly entered; (e) that he was arrested "without probable cause".[3]

The record indicates that, upon Loveday's return to Harrisburg, he refused to answer any questions because he said he anticipated the arrival of a Tennessee lawyer who never did appear; Loveday never requested other counsel; he was confined in a cell; two days later Loveday volunteered to make a statement. Moreover, it must be noted that neither at the trial nor in the 12 years succeeding trial did Loveday make any claim of mistreatment while in police custody.

The record further reveals that no *written* statement of Loveday was introduced at the trial; that a state police sergeant testified to oral statements made by Loveday; *that no objection was made to the admission of such oral statements*; that Loveday's own testimony given at the trial in large measure reaffirmed the oral statements.

Loveday claims that the circumstances under which his statements were made fall within the orbit of the rulings of the U. S. Supreme Court in *Escobedo v. Illi-*

---

[2] Loveday does not allege *how* or in what manner he was "mistreated".

[3] This issue is raised for the first time on this appeal. It was not raised in the court below.

*nois,* 378 U.S. 478, 84 S. Ct. 1758 and *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774.

The trial of Loveday took place in 1953. It is now clear beyond doubt that *Escobedo v. Illinois* and the guidelines therein established do not apply to Loveday: *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772, 34 L.W. 4592 (6/20/66). Moreover, in view of what *actually* transpired at Loveday's trial, *Jackson v. Denno,* and the impact of its ruling cannot be invoked to aid Loveday. After Loveday had entered his plea of guilty to murder generally, the three judge court took testimony. At that time Loveday's counsel made no objection to the introduction by the Commonwealth of the oral statements and no question as to the voluntariness of such oral statements was ever raised until the filing of the instant petition. Moreover, Loveday testified and restated in large measure that which was contained in the oral statements. Such set of circumstances render ineffective an attempt to invoke the ruling in *Jackson v. Denno.* See: *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481; *Commonwealth ex rel. Pomales v. Myers,* 418 Pa. 369, 211 A. 2d 483; *Commonwealth ex rel. Cuevas v. Rundle,* 418 Pa. 373, 211 A. 2d 485.

From the time of his return to Harrisburg until he was given a preliminary hearing less than 48 hours elapsed. Clearly such delay did not infringe upon Loveday's constitutional rights: *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 311, 207 A. 2d 810.

Loveday next urges that the entry of his plea of guilty was a choice made by counsel and not "intelligently and understandingly" participated in by him. The record shows that the trial court personally questioned Loveday regarding his understanding of what the entry of a guilty plea would involve and whether the plea was made of his own volition; that Loveday stated the plea was entered of his own free will and

that he understood the consequences of pleading guilty. The record is persuasive that the plea of guilty was intelligently and voluntarily entered.

It is further argued that he was denied a "timely direct appeal by the officers of the Court". This allegation is so vague and indefinite as to be unintelligible. There is no averment that his counsel ever refused to perfect an appeal on his behalf or that any other "officer of the Court" in any manner interfered with his right. Bearing in mind that the record shows conclusively that Loveday intelligently and understandingly pleaded guilty to murder generally, the present ephemeral allegation that he was denied the right to appeal does not justify the grant of this writ.

Lastly, Loveday argues that he was "arrested without probable cause". This question was not raised in the court below and cannot now be considered on appellate review. Moreover, even if this matter had been properly raised in the court below so as to be now cognizable in this Court, this contention must fail because it raises a matter beyond the scope of habeas corpus. See: *Commonwealth ex rel. Light v. Maroney*, 413 Pa. 254, 257, 196 A. 2d 659; *Commonwealth ex rel. Garrison v. Burke*, 378 Pa. 344, 349, 106 A. 2d 587.

Our examination of the instant record indicates that Loveday received a fair hearing at which his constitutional prerogatives were fully protected.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.