Commonwealth ex rel. Cully, Appellant, *v.* Myers.

Submitted May 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Raymond Leon Cully*, appellant, in propria persona.

*John T. Miller*, First Assistant District Attorney, and *John F. Rauhauser, Jr.*, District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 27, 1966:

Early in the morning of June 1, 1964, the body of Edna Copenhaver was discovered with a bullet wound

in her abdomen. Discovery of the victim in her apartment was made by her brother, Mervin Copenhaver, who became suspicious when he was unable to rouse her for work by repeated knocking on the door that morning, and after further inquiry at her place of employment, found that they had not seen her either. His testimony reveals that he crawled through a window to get into her apartment where he found the victim lying on the bed. He then proceeded to the Queen Hotel, from where the police were called. He then returned to the victim's apartment and, after the police arrived, returned to the Queen Hotel Bar. While there, Raymond Cully, who had been living in the same apartment with the victim out of wedlock, walked in. The victim's brother, knowing that his sister and Mr. Cully were not getting along, and believing that Raymond Cully had probably killed his sister, grabbed him, threw him on the floor, and asked the bartender to call the York City police. On arrival of the police, appellant was searched and taken into custody. A preliminary hearing was held and appellant was held over for trial, found guilty of murder in the second degree and, on October 26, 1964, was sentenced to a term of 10 to 20 years in the penitentiary. Appellant filed a petition for writ of habeas corpus, an answer was filed to his petition, and an order was handed down by the Court of Common Pleas of York County dismissing appellant's petition on October 15, 1965. This appeal followed.

Appellant, in his petition, has raised several questions concerning his constitutional rights. He contends that the statement given by him was illegal, as it is not a "holograph". He further defines holograph as "A legal document completely hand written and signed by the person executing it". This statement, taken by the police while appellant was not represented by counsel, was never offered in evidence at his trial. The rec-

ord discloses that before it was offered by the district attorney, the jury was removed, and, following the procedure dictated by the U. S. Supreme Court in *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774 (1964), an inquiry as to the voluntariness of the confession was held. It was then decided by the district attorney to withdraw the confession. Thus, it never became a part of the record and, as it was never used against the appellant in any way, certainly could have resulted in no prejudice to him. The record does reveal, however, that Raymond Cully, after taking the stand on crossexamination, admitted taking a rifle into the bedroom for the purpose of eliciting information from the victim as to her whereabouts on the previous Saturday night; that he had used the same method on other occasions; that he was going to lay the rifle on the bed between the victim and himself, and, as he relates: "I went to lay the gun down. I don't know whether she actually grabbed it or bumped it real hard and it went off". The jury obviously did not accept appellant's version of the incident.

Appellant also contends that he had no counsel until the 24th of June; that the docket entry of June 10th as to the time of the preliminary hearing was " 'fraud' by the Magistrate"; and that the preliminary hearing was not held until sometime in July "which is too long after arrest". The record discloses that the preliminary hearing was held on June 10, 1964, but even if appellant's contention is correct, we can see no way in which he was prejudiced thereby. Delay between the time of arrest and hearing, without more, has been determined by this Court not to be a denial of due process. *Com. ex rel. Souder v. Myers,* 421 Pa. 371, 219 A. 2d 696 (1966); *Com. ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965).

Appellant further contends that his arrest and subsequent search were illegal. The Pennsylvania Rules of

Criminal Procedure, Rule 2001(b), require: "An application for relief under this Rule shall be made not later than five days before the trial. An application may be made, in the prosecution county only, at any time until the evidence is offered at the trial if opportunity therefor did not previously exist, or if the defendant was not aware of the ground for the application, or if a prior application for relief has been made in the seizure county but has not been finally determined, or the interests of justice require it." As the issue of the illegal search was not raised in the proper manner prior to trial nor at the trial, and the issue of fraud on the part of the Magistrate was not raised at any time on the part of appellant, we will not now, long after the final stage of direct litigation has passed, consider these issues and set aside all that transpired previously. See *Com. ex rel. Souder v. Myers,* supra, and cases cited therein. It should be noted, also, that post trial motions were filed and then withdrawn, and no appeal was taken from the judgment of sentence.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.