Commonwealth ex rel. Perry, Appellant, *v.* Maroney.

Submitted October 5, 1966.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Earl Perry,* appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 4, 1967:

Appellant, following his arrest on a charge of murder on April 7, 1943, gave the police, after interrogation, both an oral and written statement admitting his guilt.   Appellant in his petition now contends that at the time of his arrest, (1) he was only 17 years of age; (2) that he was suffering from a mental disorder and was "very frightened"; (3) that the arresting officer used threats, such as, he would "get his head bashed in unless he confessed", and (4) constant interrogation to obtain his confession; (5) that he was not in-

formed of his constitutional rights as to counsel; (6) that he could not afford counsel himself, and that there was no offer at that time to appoint or provide counsel for him; (7) that he was neither advised of his right to remain silent, nor was he told that anything he did say could be used against him; (8) that a 14-hour period elapsed from the time of his arrest until a written confession was given, during which time he was subjected to constant interrogation, and (9) that he was without the aid of counsel at his preliminary hearing.

Appellant was arrested at 2:00 a.m. on April 7, 1943. By his own petition, he admits that the interrogation began at 9:00 a.m. and at 11:20 a.m. a recorded confession was taken. The record does not reveal that he was overborne or that the confession was not freely made.

Appellant bases his contention on the holding of the United States Supreme Court in *Escobedo v. Illinois,* 378 U.S. 478 (1964). It is to be noted, however, that the events here occurred in 1943, some 21 years before the decision in *Escobedo* was rendered, and the United States Supreme Court, in *Johnson v. New Jersey,* 384 U.S. 719 (1966), specifically held that the decision rendered in *Escobedo* was not retroactive.

As to appellant's contention that he was without counsel at the time of his preliminary hearing, we said, in *Com. ex rel. Fox v. Maroney,* 417 Pa. 308, 311, 207 A. 2d 810 (1965) : "We have held in a growing list of cases that, 'in the absence of unusual circumstances which transform the proceeding into a critical stage, lack of counsel at preliminary hearing in this Commonwealth does not constitute a deprivation of due process.' Com. ex rel. Butler v. Rundle, 416 Pa. 321, 324-25, 206 A. 2d 283, 285 (1965)." We find no averment of any facts in this petition which would cause us to deviate from the aforementioned rule. Furthermore, appellant had counsel appointed to represent him

prior to his trial. A plea of not guilty was initially entered, a jury was selected, and the Commonwealth presented its case, following which appellant changed his plea of not guilty to that of guilty and produced witnesses to show his mental condition at the time the crime was committed. There is no indication that this plea entered in court was not voluntary. The confession was admitted and no objection was made at that time as to its voluntariness, either by appellant or counsel representing appellant. As we said in *Com. ex rel. Souder v. Myers,* 421 Pa. 371, 219 A. 2d 696 (1966) : " 'Having made a choice not to attack the voluntariness of the confession at trial the defendant may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored.' " *Com. ex rel. Walker v. Myers,* 422 Pa. 300, 220 A. 2d 812 (1966) ; *Com. ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A. 2d 481 (1965) ; *Com. ex rel. Cuevas v. Rundle,* 418 Pa. 373, 211 A. 2d 485 (1965) ; *Com. ex rel. Fox v. Maroney,* supra.

Order affirmed.