Commonwealth ex rel. Smart, Appellant, *v.* Myers.

Commonwealth ex rel. Smart, Appellant, *v.* Rundle.

Submitted November 14, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Herbert L. Smart,* appellant, in propria persona.

*Ralph B. D'Iorio* and *Vram S. Nedurian,* Assistant District Attorneys, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 14, 1967:

Appellant, while represented by counsel, entered a plea of guilty to murder generally, and, after the taking of testimony, was convicted of murder in the second degree and sentenced accordingly. The plea and sentence took place on June 16, 1964.

On January 12 and February 28, 1966, appellant filed petitions for writs of habeas corpus, both of which were dismissed without hearing by the court below. These appeals followed.

The first petition for writ of habeas corpus alleged that appellant was compelled to make a statement without first being advised of his right to counsel; that he did not understand what he was saying when he was being questioned subsequent to his arrest, because he was intoxicated; that he did not intelligently and understandingly waive his right to trial by jury; and that he was not given the chance to plead intelligently and understandingly. The second petition alleged that the evidence against him was insufficient to sustain a verdict of guilty of murder; that the findings of the trial court were contrary to the weight of the evidence and the law; that the trial court erred in admitting into evidence a statement given by him at a time when he had not consulted counsel or been advised of his right to have counsel; and that the conviction was obtained as a result of illegally seized evidence.

Appellant's conviction is dependent not upon any statement given to the police or any evidence introduced at his trial, whether legally or illegally seized; rather, his conviction is dependent upon his plea of guilty, which constitutes an admission of guilt and a

waiver of all nonjurisdictional defects and defenses. *Com. ex rel. Sanders v. Maroney,* 417 Pa. 380, 207 A. 2d 789 (1965). We therefore need not be detained by allegations of appellant relative to statements or illegally seized evidence, except to note that no objection was made to the introduction of this evidence at trial. We have often said that: "Having made a choice not to attack the voluntariness of the confession at trial the defendant may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored." *Com. ex rel. Saddler v. Maroney,* 422 Pa. 13, 220 A. 2d 846 (1966); *Com. ex rel. Souder v. Myers,* 421 Pa. 371, 219 A. 2d 696 (1966); *Com. ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965). Remaining to consider are appellant's allegations that his guilty plea was not intelligently and understandingly made. We repeat that the plea was made in open court at a time when appellant was represented by counsel. The record of the plea and sentence indicates no inquiry by the court as to appellant's understanding of the consequences of his guilty plea. However, we said, in *Com. ex rel. Crosby v. Rundle,* 415 Pa. 81, 202 A. 2d 299 (1964): "Where an accused is represented by counsel, there is no obligation on the part of the court to make any such inquiry or explanation, although it may be advisable to do so."

The record indicates nothing which would entitle the appellant to relief, and the court below properly refused his petitions.

Orders affirmed.

Mr. Justice ROBERTS concurs in the result.