Commonwealth ex rel. Hess, Appellant, *v.* Russell.

Submitted September 28, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harold J. Hess,* appellant, in propria persona.

*Edwin J. Martin,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 14, 1967:

The appellant pleaded guilty to murder generally, and, in June of 1950, the degree of guilt was fixed by the court at murder in the first degree, and he was sentenced to life imprisonment. His petition for writ of habeas corpus was denied by the court below, after a hearing. This appeal followed.

At the hearing to fix the degree of guilt, appellant, who was represented by counsel, made no objection to the introduction of an oral statement given by him in April of 1950. In addition, petitioner testified in his own behalf and acknowledged the accuracy and correctness of the statement. As we have often stated,

defendant's plea of guilty constitutes an admission of guilt and a waiver of all nonjurisdictional defects and defenses, his conviction being dependent upon his guilty plea and not upon any statement given to the police. *Com. ex rel. Smart v. Myers,* 424 Pa. 315, 227 A. 2d 831 (1967).

Appellant complains that the statement introduced in evidence, as well as his guilty plea, were induced by doses of sodium amytal administered to him while he was a patient in the jail hospital, prior to trial. This court has repeatedly held that a criminal defendant, "Having made a choice not to attack the voluntariness of the confession at trial . . . may not now, long after the final stage of the direct litigation has passed, claim and exercise the option of having all that followed that decision set aside and ignored." *Com. ex rel. Smart v. Myers,* supra, and cases cited therein. Moreover, the record clearly indicates that the administration of drugs to appellant occurred in October and November of 1949, while he was incarcerated, prior to trials on various other charges. The murder confession did not occur until April of 1950, and the guilty plea until June, 1950. Further, the evidence at the habeas corpus hearing below is clear and unrebutted that the dosages administered to appellant would not, in any event, have had any adverse effect on his will and were only enough to assist the patient in sleeping. These findings of fact made by the court below are overwhelmingly supported by the evidence and will not be overturned here.

We have considered all of appellant's allegations and find them to be without merit.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.