UNITED STATES of America ex rel.
Herbert Levi SMART H 3811,
Petitioner,

v.

A. T. RUNDLE, Comm. of Penna.,
Respondent.

Misc. No. 3757.

United States District Court
E. D. Pennsylvania.

Dec. 29, 1967.

Cormac J. Malloy, Philadelphia, Pa., for petitioner.

Paul Robert Sand, Dist. Atty. of Delaware County, Media, Pa., for respondent.

## MEMORANDUM

FULLAM, District Judge.

The petitioner is serving a sentence of ten to twenty years, imposed by the Court of Oyer and Terminer of Delaware County after he entered a plea of guilty to a general charge of murder, and was found guilty of murder in the second degree. His present petition for habeas corpus asserts, inter alia, that his guilty plea was invalid because not voluntarily or understandingly entered.

The plea was entered and sentence was imposed on June 16, 1964. No appeal was taken, but in January and February of 1966, petitioner sought habeas corpus relief in the state courts, in which the above issue was squarely presented. On March 1, 1966, the Delaware County court dismissed these petitions without hearing, and this decision was upheld by the Pennsylvania Supreme Court, in an opinion filed March 14, 1967, Commonwealth ex rel. Smart v. Myers, 424 Pa. 315, 227 A.2d 831 (1967).

The question to be decided is whether or not the petitioner has exhausted his available state remedies with respect to the constitutional issue of the validity of his guilty plea.

■ It is my opinion that the relator has met the exhaustion requirement. He has presented the factual issue of the voluntariness of his guilty plea to the state tribunals, and his contentions have been rejected, on the merits, by the Supreme Court of Pennsylvania. The fact that the state courts considered the trial record adequate for determination of the factual issue, does not render their decision procedural; clearly, the issue was decided on the merits. Although the Post-Conviction Hearing Act (19 Purdon's Stat.Ann. § 1180–1 et seq.) became effective on the same day as the lower court's disposition of petitioner's state habeas corpus petition, neither the lower court nor the Supreme Court, which decided the case over one year after the effective date of the Post-Conviction Hearing Act, suggested in any way that the decision was based upon any concept that habeas corpus was not a proper vehicle for presenting the issue, nor did either court intimate that the denial was without prejudice to such post-conviction act proceeding.

■ In any event, it is clear from the language of the Post-Conviction Hearing Act itself, that the petitioner does not now have any available remedy under that statute. The statute expressly provides (19 P.S. § 1180–3):

"To be eligible for relief under this act, a person must * * * prove the following:

\* \* \* \* \* \*

"(d) That the error resulting in his conviction and sentence has not been finally litigated or waived."

The following section (19 P.S. § 1180–4) provides:

"(a) For the purpose of this act, an issue is finally litigated if:

\* \* \* \* \* \*

"(3) The Supreme Court of the Commonwealth of Pennsylvania has ruled on the merits of the issue."

It thus appears that no relief is available to the petitioner in any state tribunal. Inasmuch as the petition raises factual issues, it will be necessary to hold a plenary hearing. It will be so ordered.

In reaching this conclusion, I am not unmindful of the recent decision of the Court of Appeals for the Third Circuit in the case of United States of America ex rel. Singer v. Myers, 384 F.2d 279 (October 20, 1967), certain portions of which indicate that factual issues which have not been presented at a hearing in the state court should be "remanded" to the state tribunals for such hearing. However, in that case, the availability of a hearing under the Post-Conviction Hearing Act was assumed, whereas, on the facts of the present case, no such hearing is available, under the terms of the statute itself. Moreover, all of the state proceedings in the *Singer* case had occurred prior to the effective date of the Post-Conviction Hearing Act. And finally, the hearing in *Singer* was one mandated by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), which the Court construed as requiring a hearing in the state tribunal in the first instance; and the prosecuting authorities requested the remand. The ultimate issue in the present case is not Jackson v. Denno; and there is reason to suppose that for this Court to make a factual determination after holding a hearing would be far less of an affront to the dignity of the state tribunals than for this Court to suggest that a factual issue which has been finally passed upon by the highest Court of the state should be reconsidered by the state courts under a state statute which is clearly inapplicable.