## Commonwealth v. Saddler

*Jerome T. Foerster,* Assistant District Attorney, for Commonwealth.

*Richard D. Walker,* for defendant.

KREIDER, P. J., November 13, 1970.—Petitioner, Andrew Lee Saddler, having pleaded guilty to a charge of murder, was adjudged guilty of murder in the first degree and sentenced to a term of life imprisonment on March 15, 1957. He was represented by counsel retained by his foster-mother. No post trial motions were filed nor was an appeal taken.

More than eight years after his sentence, petitioner filed a petition for a writ of habeas corpus and subsequent petitions of like nature which enabled him to run the gamut of the State and Federal judicial systems in his attempt to get the relief he seeks. He has been denied relief by the trial court, the Supreme Court of Pennsylvania, the United States District Court, the United States Court of Appeals and the United States Supreme Court.[1] He has now returned once again to this court.

Saddler filed a Post Conviction Hearing Act[2] petition on May 9, 1969 and subsequently filed amendments thereto. He desires relief in the form of "vacating of sentence, withdrawal of guilty plea and award of new trial (by jury) or release from custody and discharge."

---

[1] A habeas corpus petition was denied by this court in Commonwealth ex rel. Saddler v. Maroney, 84 Dauph. 247 (1965), and affirmed by the Supreme Court of Pennsylvania, June 24, 1966, 422 Pa. 13. One month later the Hon. Joseph P. Willson, United States District Judge, Western District of Pennsylvania, denied a similar petition: United States of America, Andrew Lee Saddler v. James F. Maroney, Supt., C.A. 66-886 (July 27, 1966). The United States Court of Appeals for the Third Circuit denied a petition for a certificate of probable cause on September 16, 1966 (Ct. of Appeals Misc. No. 466), and on January 9, 1967, the United States Supreme Court denied a petition for a writ of certiorari, 385 U. S. 1017. On March 9, 1967, Saddler filed a Post Conviction Hearing Act petition which was dismissed by this court on July 19, 1967, Commonwealth v. Saddler, 88 Dauph. 80 (1967). No appeal was taken from that decision.

[2] The Act of January 25, 1966, P. L. (1965) 1580, 19 PS §1180-1, et seq.

Pursuant to an order dated February 27, 1970, this court granted petitioner an evidentiary hearing at which Saddler was afforded an opportunity to establish the truth of all the relevant allegations contained in his petitions under the Post Conviction Hearing Act, supra, arising out of his plea of guilty and sentence. At the evidentiary hearing held March 19, 1970, petitioner, who was represented by Richard D. Walker, Chief Public Defender of Dauphin County, raised two principal contentions: First, that his plea of guilty was not made intelligently or voluntarily; second, that he was not advised of his right to appeal or his right to free counsel on appeal.

Saddler's first contention was based on petitioner's allegations that his privately retained counsel, James H. Rowland, Sr., did not inform him of his right to trial by jury, the right to plead not guilty or the effect of the plea of guilty to murder generally. Petitioner also contended that Mr. Rowland never told him that he could receive the death penalty if he was found guilty of first degree murder.

Initially the court had appointed John J. Krafsig, Jr. and Donn L. Snyder, two competent members of the Dauphin County bar, to represent Saddler. Subsequently, however, their appointment was vacated at the request of petitioner whose foster-mother had retained James H. Rowland, Sr., to represent him. Mr. Rowland is a competent attorney and at that time was Vice President of the National Association for the Advancement of Colored People. Petitioner is a member of the Negro race.

Mr. Rowland's testimony differed sharply from petitioner's allegations. He testified that he told Saddler he had the right to plead not guilty and to have a trial by jury and that he discussed with petitioner the elements of the two degrees of murder and

also of voluntary manslaughter. He further testified that a plea of self-defense was discussed but rejected because it was deemed to be without merit.[3]

Mr. Rowland also testified that he did not tell petitioner that the court could or would find him guilty of voluntary manslaughter if he pleaded to murder generally and stated that one of his major concerns was the fear that if Saddler was found guilty of first degree murder, he could be sentenced to death. Mr. Rowland's concern about the death penalty was fully explained to Saddler. After considering Saddler's statements and the circumstances surrounding the killing, Mr. Rowland advised him to plead guilty to murder generally. Mr. Rowland testified that he believed Saddler voluntarily decided to plead guilty, based on the advice of counsel.

It is apparent from the testimony taken at the evidentiary hearing that Saddler understood that by pleading guilty he was admitting that he committed the crime of murder and that the possibility existed that he could be found guilty of first degree murder and sentenced to death. Furthermore, it is evident that the elements of the crime of murder were carefully explained to petitioner by his counsel, together with the possible defenses to the crime charged. Thus, having been fully advised of his rights concerning a guilty plea and the possible consequences, we find that the Commonwealth has shown that the guilty plea was valid and that it was made intelligently, voluntarily and while petitioner was represented by his privately retained counsel.

---

[3] The testimony and statements given by Saddler revealed that an argument arose over a debt of 40 dollars owed to him by the victim. Whereupon Saddler shot Bennie Landy 5 times with a 32 caliber revolver from behind while the naked victim was lying on a cot. At the evidentiary hearing Saddler again admitted—"I shot the guy." The victim was unarmed.

In making our determination on the voluntariness of Saddler's guilty plea, his understanding of the same and its possible consequences, we find the testimony of Mr. Rowland more credible than the testimony of petitioner.

Saddler's second contention, viz., that he was never advised of his right to appeal from the judgment of sentence on his plea of guilty and that he was never advised of his right to free counsel on appeal, is not disputed by Mr. Rowland. The latter testified that the subject of an appeal and free counsel on appeal never came up. At the time Saddler was before the three-judge panel which determined the degree of petitioner's guilt in 1957, Mr. Rowland stated he believed that the law did not require that petitioner be informed of his right to appeal and his right to free counsel.

Since Mr. Rowland freely concedes that he never told petitioner of his right to appeal or of his right to free counsel on appeal, this court, in conformity with recent decisions of the Supreme Court of the United States and the Supreme Court of Pennsylvania, is required to grant petitioner the right to appeal nunc pro tunc.

We have considered all other contentions made by petitioner and find them to be either without merit or waived under section 4(3)(b) of the Post Conviction Hearing Act, supra.

## ORDER

And now, November 13, 1970, petitioner, Andrew Lee Saddler, is given the right to appeal nunc pro tunc to the Supreme Court of Pennsylvania and to raise all the questions he was entitled to raise on direct appeal following the imposition of sentence on March 5, 1957, and thereafter. The other requests for relief are denied.