Commonwealth *v.* Loveday, Appellant.

Submitted May 27, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Thomas C. Zerbe, Jr.,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 20, 1971:

Although the court below correctly permitted the appellant to file post-trial motions as though timely filed, *Com. v. Robinson,* 442 Pa. 512, 515 n. 2, 276 A. 2d 537, 539 n. 2 (1971), we are confused by the use of the term "previously litigated" and the extensive quotation from our opinion in *Com. ex rel. Loveday v. Myers,* 422 Pa. 483, 222 A. 2d 725 (1966). If the court below employed the concepts of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.,* (Supp. 1971), it was er-

ror since this matter must be treated as a direct appeal. Indeed, issues previously presented to this Court by *pro se* habeas corpus petitions are not finally litigated. *Com. v. Wilson,* 444 Pa. 433, 283 A. 2d 78 (1971). Accordingly, the order is vacated and the matter is remanded for a speedy disposition unencumbered by any apparent reference to PCHA concepts.