Commonwealth ex rel. Edowski, Appellant, *v.* Maroney.

Submitted October 5, 1966. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Zenith M. Edowski, Jr.*, appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins*, Assistant District Attorneys, and *Robert W. Duggan*, District Attorney, for appellees.

OPINION BY MR. JUSTICE JONES, November 15, 1966:

Zenith M. Edowski, Jr., petitioned the Court of Common Pleas of Allegheny County for the issuance of a writ of habeas corpus. After a hearing at which Edowski was represented by court-appointed counsel, the court refused to issue the writ. From that order stems the instant appeal.

In 1960 Edowski was indicted for murder. In June, 1960, he was convicted of murder in the second degree after a jury trial, wherein he was represented by competent counsel, and sentenced to imprisonment for ten to twenty years. Motions for a new trial and in arrest of judgment were filed but later withdrawn.

Edowski, 21 years of age and a resident of Coraopolis, on the evening of November 29, 1959, visited a number of bars in Coraopolis; in the first bar he met one Ann Corbett and she accompanied him to various other bars. Around midnight, Edowski and Ann Corbett went to Edowski's parked car where they had sexual intercourse. They then went to another bar and, after having a drink, drove in Edowski's car to Montour Creek where they again parked and had sexual

intercourse. Although the testimony is conflicting, under the Commonwealth's version Edowski picked up a tire iron from the back of his car, struck Ann Corbett on the head, dragged her from the car, beat her several more times and dragged her body into Montour Creek where it was found the next morning. That afternoon Edowski was arrested.

A ring belonging to the victim was found in a shopping bag in the basement of Edowski's grandfather's home; the victim's purse was found across a creek from Edowski's home; a tire wrench was found under a tray in the rear of Edowski's brother's home;[1] plaster casts of tire tracks at the scene of the crime matched tires on Edowski's car and bloodstains found on the seat of Edowski's car were of the same group as the victim's blood.

According to the Commonwealth, Edowski, in custody without counsel, was warned of his constitutional rights to remain silent and that any statement he made might be used against him but, nevertheless, he gave the police a statement. At trial, Edowski's testimony was, in substance, the same as that contained in the statement. While in jail, Edowski wrote a letter containing incriminating information which letter he gave to a fellow prisoner in the jail who in turn gave the letter to an assistant district attorney. The information in the letter enabled the Commonwealth to obtain additional evidence incriminating Edowski. To the introduction of Edowski's statement and the letter no objection was made at trial.

Edowski has five grounds upon which he contends the writ of habeas corpus should issue, each of which we shall consider seriatim.

First, it is argued that, through the medium of the intercepted letter written by Edowski, information was

---

[1] Edowski admitted he had disposed of these articles.

given which led to the finding of the tire iron at the brother's home and the victim's ring at the grandfather's house. Such evidence, Edowski argues, was obtained by an illegal search and seizure. Such a contention is without merit. In the first place, at the trial no objection was made to the introduction of this evidence. In the second place, even assuming the search and seizure were illegal—which they were not—, *Mapp v. Ohio,* 367 U.S. 643, 81 S. Ct. 1684 (1961), upon which Edowski relies, is inapplicable since the judgment became final when the motions for a new trial and in arrest of judgment were withdrawn on July 27, 1960: *Linkletter v. Walker,* 381 U.S. 618, 85 S. Ct. 1731 (1965).

Next, it is urged that the confession was not voluntarily given. Such contention is also without merit. When this confession was introduced into evidence no objection thereto was made nor was any issue raised as to the voluntariness of such confession. Moreover, Edowski's trial testimony was substantially a narration of the same facts as set forth in the confession. In *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 368, 211 A. 2d 481 (1965), Mr. Justice EAGEN said: "An examination of the trial record discloses that the confession involved was admitted without objection. It further discloses that the testimony of the appellant at trial was identical with his description of the crime given in the confession, and that his own trial testimony was sufficient in itself to justify the adjudication. . . . In the first place, the admission was harmless and without prejudice, in view of his own trial testimony. Further, the right to raise now the constitutional issue has been waived." See also: *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 314, 207 A. 2d 810 (1965).

Edowski next contends that evidence favorable to him was suppressed by the Commonwealth and that he was denied the right to confront a witness. Such con-

tention lacks record support. The court, prior to trial, appointed a psychiatrist to examine Edowski. The defense counsel, at trial, wanted him to testify to show that at the time the crime was committed Edowski was in such a mental state that he lacked "sufficient cool courage" to substantiate a charge of murder either in the first or second degree. An objection thereto by the Commonwealth was sustained by the court. The Commonwealth then offered to have the psychiatrist's report made part of the record. The court refused such offer on objection thereto by defense counsel. The record presents no evidence indicating any suppression of evidence by the Commonwealth. On the contrary, all that is shown is a ruling of the court on an evidentiary matter which was adverse to Edowski. Such alleged trial error is not assertable on a habeas corpus petition. See: *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 74, 215 A. 2d 637 (1966).

The alleged failure to permit a confrontation of a witness involves the letter written by Edowski and given by him to Joseph Bauer, once a fellow prisoner. At trial, Bauer was called as a witness but refused to testify. It was then stipulated that Bauer had turned the letter over to the Commonwealth. When Edowski was on the stand he was cross-examined on the contents of the letter—to the introduction of which no objection had been made—and Edowski then had full opportunity to explain the letter and the circumstances under which he wrote the letter. Under these circumstances, no constitutional right of Edowski was offended.

Lastly, did Edowski intelligently waive his right to a direct appeal from the judgment of sentence? At the hearing on the issuance of the writ the court below took testimony relevant to this issue and determined the right had been waived. When Edowski was tried on the murder charge he was also under indictment on a charge of statutory rape. Subsequent to the rendition

of the murder verdict, Edowski's counsel visited him in the jail. According to Edowski, the discussion between his counsel and himself was as follows: "Q. What did you discuss? A. Well, mostly about the appeal. I had a second charge pending against me and they said if I wouldn't drop the appeal on the first charge, I would be given a maximum sentence on the second charge. My sentence if I didn't drop the appeal on the murder charge, they would give me a maximum sentence on the second charge against me."

Although Edowski's counsel at the murder trial did not testify at the habeas corpus hearing, on June 13, 1963, counsel, in refusing to represent Edowski in the habeas corpus proceedings, wrote Edowski a letter—introduced into the record—the pertinent portions of which are as follows: "As you recall, at the time of conviction, I had made a motion for a new trial, alleging certain errors in the Court's ruling and the Court's charge. At the same time, you were faced with a statutory rape charge and the reason we withdrew our motion for new trial was in order to have the District Attorney go along with the concurrent sentence on the rape charge, which eliminated your serving time on this charge together with the murder sentence.

. . .

"We had our opportunity to appeal your case and it was fully discussed with you and we all agreed that it was best to eliminate sentencing on the rape charge and to withdraw our motion for new trial. As you are well aware, under the facts of this case we are quite fortunate in securing the verdict we did and if new trial had been granted, I am sure that the verdict would still have been second degree and you would have been faced with additional sentencing on statutory rape charge and you would have been the ultimate loser."

Edowski had an absolute right of appeal from his murder conviction to this Court: *Commonwealth ex rel. Cunningham v. Maroney*, 421 Pa. 157, 159, 218 A. 2d 811 (1966) and authorities therein cited. Moreover, he had a constitutional right to the assistance of counsel at this stage of the proceedings which right necessarily included assistance in taking and perfecting the appeal: *Commonwealth ex rel. Robinson v. Myers*, 420 Pa. 72, 75, 215 A. 2d 637 (1966) and authorities therein cited. Such right to direct appeal and the assistance of counsel for such purpose may be waived if such waiver is intelligently and voluntarily made: *Commonwealth ex rel. Robinson v. Myers*, supra, p. 76.

In the case at bar, Edowski did have the assistance of counsel and he and his counsel discussed the advisability of an appeal from the murder conviction. Edowski clearly knew of his right to take an appeal. The record unequivocally reveals that Edowski knowingly and deliberately and after consultation with counsel, gave up his right to appeal hoping for a suspended sentence on the statutory rape charge, a suspension of sentence which ultimately he received. Unlike *Fay v. Noia*, 372 U.S. 391, 83 S. Ct. 822 (1963)—upon which Edowski relies and wherein the statements of the trial judge made an appeal a dangerous undertaking—the circumstances in the case at bar reveal no evidence of coercion, express or implied, such as would vitiate the waiver of the right to a direct appeal. We are mindful that a finding of waiver is not to be made lightly and that every reasonable presumption against a waiver will be indulged and that " 'whether there is a proper waiver should be clearly determined by the trial court' ": *Carnley v. Cochran*, 369 U.S. 506, 515, 82 S. Ct. 884 (1962).

Our review of the record fully supports the finding by the court below of a waiver by Edowski of his right

to a direct appeal and that such waiver was intelligently given.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.