Commonwealth *v.* Greene, Appellant.

Submitted November 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Joseph A. C. Girone,* for appellant.

*James Garrett,* and *David Richman,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, March 25, 1974:

Mary Ann Greene, the appellant, was found guilty, in a non-jury trial, of voluntary manslaughter. Post-trial motions were refused, and appellant was sentenced to an imprisonment of five to twelve years at the State Correctional Institution. This appeal followed, and we affirm.

The sole question presented is the admissibility in evidence of appellant's confession. The facts are as follows: The homicide arose out of a lovers' quarrel between appellant and one Fred Brock. Appellant encountered Brock in the street one evening in the company of another woman, who departed shortly thereafter. Words were exchanged, and Brock struck appellant several times. Appellant then pulled out a knife, stabbed Brock once in the chest, and fled.

A few moments later, Officer Henry Williams and his partner arrived at the scene and found Brock lying on the pavement. An unidentified person emerged from the crowd of bystanders and named appellant as the assailant. After summoning an ambulance, Officer Williams drove to appellant's nearby home. On his way, he heard a police radio bulletin naming appellant as a suspect in the stabbing. Finding the front door to appellant's house open, Williams walked in and observed appellant sitting in a living room chair, visibly upset. He asked her name and "did she want to tell me what happened at 24th and Master", where the stabbing occurred. At Williams' suggestion, they moved to the doorway, out of earshot of appellant's

children. Appellant then told Williams that she had a fight with her boyfriend and had stabbed him because he was punching her. She asked about Brock's condition, which Williams did not know at that time. He then escorted her to police headquarters.

At headquarters, appellant was interviewed by a Detective McDonald. She asked about Brock's condition, and McDonald advised her that he had been pronounced dead at the hospital. When appellant had regained her composure, McDonald informed her of her *Miranda* rights, which she waived. A formal statement was subsequently taken, in which appellant admitted stabbing Brock.

Appellant challenged the admissibility of her statement to Williams and McDonald in a pre-trial suppression motion. The statement to Williams was ruled inadmissible, but the later statement to McDonald was not suppressed, and was in due course admitted into evidence at trial. The hearing judge found that appellant received and understood the required constitutional warnings at the police station before she gave her inculpatory statement to McDonald. The admissibility of this statement is challenged on the ground that it was tainted by her earlier statement to Williams. We find this argument unavailing for two reasons.

First, our review of the record persuades us that any taint stemming from appellant's admission to Williams was dissipated by the time of her interview with McDonald at police headquarters. Although the statement to Williams was certainly damaging, "[a] confession secured after the person involved has been adequately advised of his constitutional rights is not rendered inadmissible ipso facto because an earlier confession or inculpatory admission was made in the absence of a warning of these rights, *Evans v. United States,* 375 F.2d 355 (8th Cir. 1967) ; *United States v. Hickey,* 247 F. Supp. 621 (E.D. Pa. 1965)". *Common-*

*wealth v. Moody,* 429 Pa. 39, 44, 239 A.2d 409, 412 (1968). Here, appellant's second statement was made after a time lapse of one and one half hours, in a different physical setting, to a different police officer; factors which we have recognized as significant in cleansing any taint from an earlier statement. *Commonwealth v. Mitchell,* 445 Pa. 461, 285 A.2d 93 (1971); *cf. Westover v. United States,* 384 U.S. 436, 496, 16 L.Ed.2d 694, 736 (1966). No attempt was made to exploit the earlier statement as a means of forcing further incriminating admissions; it was not even mentioned by McDonald. *See Wong Sun v. United States,* 371 U.S. 471, 9 L.Ed.2d 441 (1963). In her testimony at the suppression hearing, appellant never suggested that her statement to Williams played any part in motivating her later admissions. On the contrary, it appears that the thing uppermost in her mind was remorse for her attack on Brock, whose death she learned about for the first time from McDonald. The minimal psychological impact of her statement to Williams can be gauged from the fact that at trial she could not remember what, if anything, she had told him when he appeared in her living room.[1]

Alternatively, the Commonwealth argues that the admission of appellant's confession was harmless error. We think this point also has merit. At the conclusion of the Commonwealth's evidence, appellant took the stand and repeated the substance of her inculpatory admissions in an effort to establish that the stabbing was in self-defense. It cannot be argued seriously that her out-of-court confession determined her choice of

---

[1] The Commonwealth also argues that appellant's initial admission to Officer Williams was not the product of "custodial interrogation", and, thus, Williams' failure to administer *Miranda* warnings was not error. Since we find other grounds for affirming the judgment of sentence, there is no need for us to reach this question, and we express no opinion on it.

defenses since the Commonwealth produced two eye-witnesses to the altercation between Greene and Brock.[2] We conclude that the admission of Mary Ann Greene's out-of-court statement, assuming *arguendo* that it was error, was harmless beyond a reasonable doubt. *See Commonwealth v. Witherspoon,* 442 Pa. 597, 277 A.2d 827 (1971); *Commonwealth v. Diaz,* 438 Pa. 356, 264 A.2d 592 (1970); *Commonwealth v. Padgett,* 428 Pa. 229, 237 A.2d 209 (1968); *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 211 A.2d 481 (1965).

Judgment of sentence affirmed.

Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice NIX concurred in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result solely because appellant elected to testify at trial and admitted under oath the contents of the confession she now challenges. In light of her in-court testimony, appellant, on this record, may not successfully assert that admission of her confession was reversible error. *Commonwealth v. Collins,* 436 Pa. 114, 121-22, 259 A.2d 160, 164 (1969); *Commonwealth ex rel. Edowski v. Maroney,* 423 Pa. 229, 233, 223 A.2d 749, 752 (1966); *Commonwealth ex rel. Adderley v. Myers,* 418 Pa. 366, 368, 211 A.2d 481, 482-83 (1965).

---

[2] Both witnesses ran up to appellant when they saw Brock fall to the ground; before she fled the scene, appellant asked one of them to "call the police". Thus, the testimony of these witnesses could hardly have come as a surprise to appellant.

Under the circumstances, pleading self-defense was the most promising course available to appellant. Even though neither witness saw Brock strike appellant, the trial judge sufficiently credited her story to reduce the charge to voluntary manslaughter.