380 A.2d 393

**COMMONWEALTH of Pennsylvania**

v.

**Woodrow W. HAIRSTON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided Dec. 2, 1977.

Bruce D. Foreman, Harrisburg, for appellant.

Peter J. Anderson, Deputy District Attorney and LeRoy S. Zimmerman, District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This appeal follows the dismissal of a Post Conviction Hearing Act[1] petition without a hearing. Appellant contends that the petition filed below alleges facts which, if proved, would entitle him to relief and that he should have been granted an evidentiary hearing to establish those facts. We agree and, therefore, vacate the order of the lower court and remand for a hearing.

Appellant waived a jury trial on May 28, 1975, and the lower court found him guilty of possession of instruments of a crime. On September 9, 1975, after again waiving trial by jury, appellant was found guilty on two counts of robbery. Post-trial motions were heard and denied, and appellant was sentenced, on November 6, 1975, to one to two years imprisonment for possession of instruments of a crime and to a term of five to fifteen years on the robbery conviction. Thereafter, a direct appeal was taken to this Court, appellant's sole contention being that the evidence was insufficient to sustain his conviction of robbery. We affirmed the judgment of sentence. *Commonwealth v. Hairston*, 240 Pa.Super. 708, 356 A.2d 365 (1976). On June 24, 1976, appellant filed a petition under the Post Conviction Hearing

1. Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1977–78).

Act, alleging ineffective assistance of trial counsel in connection with his jury trial waiver on September 9, 1975.[2] Appellant's petition was dismissed without a hearing, and this appeal is from that denial.

Initially, the Commonwealth contends that the issue of ineffectiveness of counsel at trial has been waived since appellant failed to raise it on direct appeal, at which time he was represented by counsel other than trial counsel.[3] Generally, when a defendant is represented by a different attorney on appeal than trial counsel, any claim of ineffective assistance of trial counsel apparent on the record is waived if not raised on direct appeal. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). However, in *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974), our Supreme Court held that the issue of counsel's ineffectiveness could not be waived in a proceeding where the defendant was represented by counsel from the same office as counsel alleged to have been ineffective. "The law will not assume that counsel has advised his client of his inadequacies or those of his associates." *Id.* 455 Pa. at 377, 316 A.2d at 898. *See also, Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). Here, appellant's counsel on direct appeal was from the Office of the Public Defender of Dauphin County. Trial counsel, however, was also from the Public Defender's Office. Therefore, a knowing and understanding waiver of the issue upon which appellant seeks relief cannot be assumed.

**2.** While this appeal is captioned as being from the order entered at Nos. 336, 888 and 889 and the Commonwealth addresses both jury trial waivers, appellant's petition and brief allege counsel's ineffectiveness only with respect to the jury trial waiver on September 9, 1975.

**3.** Section 4(b) of the Post Conviction Hearing Act, supra, 19 P.S. § 1180–4(b), provides in pertinent part that an issue is waived if:
  "(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised . . . on appeal . . . and
  (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue."

█ Appellant claims that trial counsel was ineffective in that counsel advised him ten minutes prior to trial that the only way to handle the case was to waive a jury trial and "forced" him to go along, despite their earlier decision to the contrary. The Commonwealth contends, however, that the on-the-record colloquy, conducted prior to the acceptance of the jury trial waiver, manifests that appellant knowingly and voluntarily waived this right. The Commonwealth, therefore, argues that there is no basis for appellant's claim of trial counsel's ineffectiveness. We disagree.

Here, appellant does not contend that he did not understand his right to a jury trial and the essential elements thereof; it is evident that the colloquy satisfied the requirements enunciated in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). Rather, appellant contends that instead of waiving his right willingly, he waived a jury trial only because he did not have sufficient time to consider counsel's advice and was "forced" to go along with counsel's decision. If appellant's petition was patently frivolous, it was not erroneously dismissed.[4] However, our Supreme Court has recognized that counsel's advice to waive a jury trial *can* be the source of a valid claim of ineffectiveness when counsel interferes with his client's freedom to waive a jury trial. *Commonwealth v. Boyd*, 461 Pa. 17, 334 A.2d 610 (1975).

Therefore, we believe that appellant's allegations in his PCHA petition are sufficient to require a hearing to determine the merits of his claim.

Order of the lower court vacated and case remanded with directions to hold an evidentiary hearing.[5]

---

**4.** The Post Conviction Hearing Act clearly states that the court may deny a hearing if petitioner's claim is patently frivolous *and* is without a trace of support either in the record or from the evidence submitted by the petitioner. Act of January 25, 1966, P.L. (1965) 1580, § 9, 19 P.S. § 1180–9 (Supp.1977–78).

**5.** Counsel appointed to assist appellant with his PCHA petition was from the Dauphin County Public Defender's Office. On remand, however, appellant may not be represented by a member of that office. *See Commonwealth v. Crowther*, supra.