409 A.2d 880

COMMONWEALTH of Pennsylvania

v.

**Harry ISAACMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 16, 1979.

Filed Sept. 7, 1979.

Petition for Allowance of Appeal Denied March 12, 1980.

William T. Cannon, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before MONTGOMERY, O'BRIEN, and HONEYMAN, JJ.*

MONTGOMERY, Judge:

On October 18, 1977, following a trial before a court en banc, convened in accordance with the Pa.R.Crim.P.: Rule 353(b), appellant was adjudged guilty, by unanimous decision, of voluntary manslaughter. Post verdict motions were filed and denied. Appellant was thereafter sentenced to five (5) years probation with special conditions.

The testimony credited by the court below established that on April 24, 1977, at approximately 6:00 p. m., the appellant, a 76 year old man, was standing outside of a garage where his car was located when he was approached by three young

* Justice Henry X. O'Brien of the Supreme Court of Pennsylvania, and Judge Robert W. Honeyman of the Court of Common Pleas, Montgomery County, Pennsylvania, are sitting by designation.

men from his neighborhood whom he knew to be Keith Adams, age 14, Samuel English, age 17, and the decedent, George Campbell, age 15. English demanded that the defendant give them some money. Mr. Isaacman complied. It was common community knowledge that the defendant operated a tow truck and assisted the police in recovering missing cars. English and the two other young men volunteered to take the defendant to a nearby stolen car which they had discovered. Before going with them, Isaacman entered his garage and placed an expensive radio under the car seat. Before they reached the purported location of the stolen car the defendant noticed the absence of the decedent. Isaacman returned to the garage, observed the decedent near his car and noticed the interior of the car in disarray. Isaacman accused the decedent of stealing the radio whereupon all three young men walked away. The defendant followed them out for a short distance and told them to stop. English and Adams did stop but the decedent continued on. The defendant drew his gun (which he was properly licensed to carry), shot and killed the decedent. The medical examiner testified that George Campbell sustained a gunshot wound of the right upper back which travelled upward at a 30 to 40° angle, and entered the back of his head. In the opinion of this expert witness the cause of death was the gunshot wound to the head.

On appeal, appellant raises the following issues: (1) the evidence presented at trial was insufficient to convict him of the crimes charged in light of the evidence of self defense presented by him; and (2) the suppression court erred in admitting into evidence a statement given to police by appellant at the time of his arrest in that it was the product of an earlier illegally obtained statement.

Having fully examined the evidence presented by the Commonwealth at trial, we find appellant's first allegation involving the insufficiency of the evidence to be without merit. The test on appeal for determining the sufficiency of evidence is whether, in viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, it was

sufficient to prove beyond a reasonable doubt that the appellant is guilty of the crime for which he has been convicted. *Commonwealth v. Firth*, 479 Pa. 333, 388 A.2d 683 (1978); *Commonwealth v. Sero*, 478 Pa. 440, 387 A.2d 63 (1978).

The appellant, himself, took the stand and testified to another version of the incident wherein he acted in self defense after the decedent assaulted him with a tire iron. Once self defense is raised, it becomes incumbent upon the Commonwealth to prove beyond a reasonable doubt that the defendant was not so acting. *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977); *Commonwealth v. Walley*, 466 Pa. 363, 353 A.2d 396 (1976). In the instant case, the Commonwealth sustained its burden when it established, and the trial court found, that the appellant could not have reasonably believed, at the time of the shooting, that he was in danger of death or serious bodily harm from the decedent. *Commonwealth v. Eberle*, 474 Pa. 548, 379 A.2d 90 (1977). By the version of the facts adopted by the lower court, the decedent was walking away from the appellant when he was shot in the back. Even if appellant believed that Campbell would return and do him further harm, he was under a duty to retreat, and, once the deceased had left the scene, this could have been done with complete safety. *Commonwealth v. Eberle*, supra.

The second issue raised involves the admission into evidence of a statement given by appellant to police following his arrest. The allegation is that this statement should have been suppressed in that it was the product of earlier illegally obtained admissions.

Appellant made two inculpatory statements to officers prior to his arrival at the Police Administration Building and without the benefit of constitutional warnings. These statements were properly suppressed below. However, another statement was obtained while appellant was in custody and had been given full *Miranda* warnings. This statement was reduced to writing, read and signed by the appellant. It was not introduced into evidence substantively, but was rather used solely for impeachment purposes

after appellant took the stand and alleged self defense. Appellant argues that this written confession should have been inadmissible in that it was an exploitation of the prior illegality. However, "[a] confession secured after the person involved has been adequately advised of his constitutional rights is not rendered inadmissible ipso facto because an earlier confession or inculpatory admission was made in the absence of a warning of these rights. [Citations omitted]" *Commonwealth v. Greene*, 456 Pa. 195, 317 A.2d 268 (1974). Admissibility is determined by the totality of the circumstances. *Commonwealth v. Motley*, 472 Pa. 421, 372 A.2d 764 (1977). The suppression court made adequate findings of fact and law on this matter which were adopted by the trial court and which we now affirm. The statement was made only a short time after the initial admissions, in a different physical setting and to a different police officer. See *Commonwealth v. Mitchell*, 445 Pa. 461, 285 A.2d 93 (1971). There is, further, no evidence of any physical or psychological coercion. We find the written statement to have been voluntary, and properly admitted into evidence below.

Judgment of sentence affirmed.